IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION FILE NO.: 4:25-cv-00092-BO

| | | |
|---|---|---|
| BTW GLOBAL, LLC,<br>Plaintiff,<br><br>v.<br><br>TODD C. SPOTZ, TODD S. SPOTZ DANA SPOTZ and SPIRIT OF FREEDOM INC., WISDOM PATHS, INC.<br>Defendants. | ) | CONSENT PROTECTIVE ORDER |

THIS MATTER is before the Court upon the Joint Motion for Consent Protective Order (the "Motion") filed by the parties to this action on August 17, 2026. It appears to the Court that discovery and the trial of this action may involve the production and disclosure of confidential, proprietary, or sensitive information requiring protection against unrestricted disclosure or use.

THEREFORE, it is hereby ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery or otherwise in this action:

1. This Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action (the "Litigation") and designated as "Confidential."

2. The term "Confidential," as used in this Order, shall mean: (a) information not in the public domain that is so proprietary or sensitive that its public disclosure may cause competitive injury; (b) information that contains trade

secrets pursuant to applicable law; (c) personal identifying information of the Parties or third parties, including account numbers, personal financial information, and other sensitive information that is not already in the public domain; (d) information protected from disclosure by contractual obligations with third parties; and (e) information protected from disclosure by law.

3. The parties to this Protective Order are Plaintiff BTW Global, LLC ("Plaintiff" or "BTW") and Defendants Todd C. Spotz, Todd S. Spotz, Dana Spotz, and Spirit Of Freedom Inc., Wisdom Paths, Inc. ("Defendants"; collectively, Plaintiff and Defendants are referred as "the Parties").

4. Any Party or other person or entity, including any third-party recipient of a subpoena, may designate as "Confidential" any information, document, or material produced to another Party in response to any interrogatory, request for production of documents, request for admission, third party subpoena, or other discovery request that it reasonably and in good faith believes constitutes or contains information protected under the terms of this Order. The designation shall be made at or prior to the time of production or as soon thereafter as may be practicable by affixing on the document or material containing such information a legend that states: "CONFIDENTIAL." To the extent the Parties or any third party produces electronic files in native format, the legend "CONFIDENTIAL" may be affixed to the storage device in which the electronic files are produced. Any summaries of Confidential information shall be marked with the appropriate "CONFIDENTIAL" designation and shall be treated as "Confidential."

5. Any Party may designate a third party's production as “Confidential” within 30 days after the Party receives such production. During that 30-day period, all third-party productions shall be treated as "Confidential."

6. Portions of deposition testimony may be designated as “Confidential” by stating that fact on the record at the deposition. Any such designation must be stated with sufficient particularity so that only the portion of the deposition that constitutes information protected under the terms of this Order is designated as “Confidential.” As an alternative to designating any portion of deposition testimony as “Confidential” on the record at a deposition, any Party may designate any deposition or portion of deposition testimony as “Confidential” for up to 30 days after receiving the deposition transcript by notifying counsel for all other Parties of such designation in writing. All testimony will be treated automatically as “Confidential” for up to 30 days after the deposition transcript has been provided to the parties by the court reporter. At the expiration of that 30-day period, all deposition testimony not otherwise marked as “Confidential” shall lose its automatic “Confidential” designation. If a Designating Party has advised the court reporter either during a deposition or within the 30-day period following receipt of the deposition transcript that “Confidential” information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: “DEPOSITION CONTAINS CONFIDENTIAL INFORMATION — SUBJECT TO A PROTECTIVE ORDER.”

7. This Order does not apply to information that is publicly available or information that a Party or third party discovers outside of formal litigation discovery.

8. A party may oppose the designation of material as "Confidential" information at any time before trial by notifying counsel for the Designating Party in writing. If the parties are unable to agree on the protected status of a document or information, they shall follow the procedure set out in U.S. District Court for the Eastern District of North Carolina Local Civil Rule ("LCR") 7.1.

9. A Designating Party that produces "Confidential" information but inadvertently fails to mark an item as "CONFIDENTIAL" may correct its failure as soon as practicable after the error is noted. Such correction and notice thereof shall be in writing. After a Receiving Party receives such notice, the Receiving Party shall thereafter treat the "Confidential" information in accord with the corrected designation, but no Receiving Party shall be held responsible for any disclosures that may have been made prior to such corrective notice. Persons to whom such disclosure was made must agree to abide by the terms of this Order and may not continue to have access to such materials.

10. Except as otherwise provided herein, all "Confidential" information shall be subject to the provisions of this Order until further order of the Court.

11. Except as otherwise allowed herein, all "Confidential" information will solely be used in connection with this Litigation. This Order does not restrict or

prevent a Party or third party from using its own "Confidential" information in any manner that it sees fit.

12. Except with the prior written consent of the Designating Party, or upon prior order of this Court obtained after written notice to the Designating Party's counsel, "Confidential" information shall not be disclosed to any person other than:

a. the Parties and their counsel;

b. employees of such counsel and persons assigned to assist such counsel in the preparation of this Litigation;

c. expert witnesses and consultants, to the extent deemed necessary by counsel, for the prosecution or defense of this Litigation;

d. court reporters, to the extent deemed necessary by counsel, for the prosecution or defense of this Litigation;

e. a deponent, prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her deposition or in the actual course of a deposition, may not retain any designated material, and must be informed of the "Confidential" nature of the material;

f. the Court and its personnel;

g. any mediator named in an order of the Court or agreed to by the Parties;

h. the author of such "Confidential" information;

i. any witnesses that a Party intends to call at trial, wither prior to or in the course of trial, provided that such persons may be shown copies of

designated material only during the course of preparation for his or her testimony or in the actual course of his or her testimony, may not retain any designated material, and must be informed of the "Confidential" nature of the material; and

j. routine outside suppliers of litigation support services, such as photocopying, scanning, or coding, graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants.

13. If a Party wishes to disclose "Confidential" information to any person not described in Paragraph 12, permission must be requested from the Designating Party in writing. The Designating Party shall respond to the request within ten (10) calendar days. A failure to object shall be deemed a waiver by the Designating Party, and the Party wishing to make the proposed disclosure may do so without violating this Order. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless the Court orders otherwise, upon compliance with the procedure set out in LCR 7.1.

14. Prior to obtaining access to "Confidential" information, any person to whom Confidential information may be disclosed pursuant to Paragraph 12, except for persons described in subparagraphs a, b, d, f, g, and j shall be shown and shall read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A. Counsel for the Party obtaining a person's signature on the Confidentiality Acknowledgment

shall retain the original signed Confidentiality Acknowledgment and, upon request, shall make it available to the other Parties, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

15. Any person receiving "Confidential" information shall not reveal to, or discuss such information with, any person who is not entitled to receive such information as set forth in Paragraph 12.

16. Parties intending to file information that has been designated as "Confidential" must file the confidential information under seal in accordance with LCR 79.2.

17. Upon written request by counsel of the Designating Party after the termination of this Litigation, through settlement or the entry of a final, non-appealable order, and within twenty (20) days of receipt of same, all "Confidential" information and all copies thereof, including any notes or other transcriptions made therefrom that is not attorney work-product, shall be returned (upon the request of the Designating Party) or destroyed by the Receiving Parties. Each party shall provide a written certification of the return or destruction of all "Confidential" information and all copies thereof.

18. This Order is intended to facilitate discovery while preserving claims of confidentiality and not to waive any claims, defenses, or rights regarding confidentiality. Accordingly, no Party or third party shall be deemed to have waived any claims of confidentiality or defenses to an allegation of confidentiality merely

because they have stipulated to this Order or provided information under the terms of this Order. No Party shall be deemed to have admitted that any material designated by another Party or third party as "Confidential" actually is "Confidential."

19. Entry of this Order shall be without prejudice to any application for relief from any restriction imposed by this Order or for any other or further restriction on the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given, or exchanged in the course of pretrial discovery in this action. However, any Party or third party applying for relief shall comply with the procedure in LCR 7.1.

20. Unless otherwise ordered by the Court, the production, disclosure, or use of "Confidential" information in accordance with the terms of this Order (a) shall not constitute a waiver by a Party or third party of any common interest privilege or exemption from discovery to which such information is subject; and (b) shall not constitute a waiver by a Party or third party of any attorney-client, work-product, or other privilege or exemption from discovery with respect to such information in this Litigation or any other litigation, past, present or future.

21. Nothing herein shall be deemed to waive any applicable privilege unless otherwise ordered by the Court.

22. In the event any Party inadvertently produces or otherwise discloses materials which it deems to be privileged attorney-client communications, protected by the attorney work-product doctrine, or protected as materials prepared in

anticipation of litigation – whether or not marked as "Confidential" – then that producing party may recover those documents as follows:

a. Within ten (10) days of becoming aware of the inadvertent disclosure which the Producing Party deems to be privileged or protected, that Producing Party shall have the right to recover such materials by requesting the return of the same in writing to the Receiving Parties.

b. In any such request, the Producing Party shall: (1) identify the specific pages by Bates number to be recovered; (2) identify the basis for the recovery of the subject materials; and (3), unless entitled to withhold the materials under the Parties' ESI Protocol, provide substituted versions of the affected materials, redacting all information claimed by the Producing Party as privileged.

c. Upon receipt of such a request, all Receiving Parties shall return the original documents and materials, along with all copies in any form, to the Producing Party or certify the destruction of the same as contemplated in this Order, and thereafter shall not use the information contained in the affected materials in any way in this Litigation, subject to the provisions of subpart "d" of this Paragraph.

d. In the event that a Receiving Party disputes the claim of privilege or the right to recovery on the part of the Producing Party, then after having returned the materials requested under the procedure set forth in this

Paragraph, the Receiving Party may seek relief from the Court using the procedure set out in LCR 7.1.

e. The Parties agree that any and all materials which are recovered under the process set forth in this Paragraph shall maintain their privileged status, and the inadvertent disclosure of the same shall not waive or otherwise diminish that privilege, unless and until an order compelling the disclosure of those materials is entered by the Court, pursuant to the provisions of subpart "d" of this Paragraph.

23. Nothing herein shall be deemed a ruling or opinion on the discoverability or admissibility of evidence.

24. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

By attaching their signatures hereto, counsel for the Parties represent that they agree to treat information disclosed hereafter as if the Order had been entered, until such time as this Order is presented to the undersigned for signature and entry.

IT IS SO ORDERED, this the 24 day of August 2026.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION FILE NO.: 4:25-cv-00092-BO

| | | |
|---|---|---|
| BTW GLOBAL, LLC,<br>Plaintiff,<br><br>v.<br><br>TODD C. SPOTZ, TODD S. SPOTZ DANA SPOTZ and SPIRIT OF FREEDOM INC., WISDOM PATHS, INC.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CONFIDENTIALITY ACKNOWLEDGMENT |

The undersigned, having read the Consent Protective Order (the "Protective Order") entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the undersigned's counsel and other persons so authorized pursuant to the terms of the Protective Order, who have, in accordance with the provisions of the Protective Order, executed a similar Confidentiality Acknowledgment. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person,

company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Confidentiality Acknowledgment. This Confidentiality Acknowledgment does not limit the right of the undersigned to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4. The undersigned further agrees to either (1) return to the attorney from whom he or she received such documents and information or (2) destroy, all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned to sanctions, including, but not limited to, punishment for civil contempt.

Dated: ______________________________

______________________________
Signature

______________________________
Printed Name

______________________________
______________________________
______________________________
Address